# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **WANNADO, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. _____ |
| | ) | |
| **THE ACTIVE NETWORK, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBERSQUATTING AND RELATED CLAIMS

---

Plaintiff Wannado, Inc., ("Plaintiff") by and through undersigned counsel, files this Complaint for Trademark Infringement, Cybersquatting and Related Claims against Defendant The Active Network, Inc. ("Defendant"). Plaintiff is the senior user of the federally-registered mark WANNADO in connection with promoting others' activities, events, volunteer opportunities, and services through the dissemination of advertising matter via the Internet; and promoting others' employment opportunities and goods through the dissemination of advertising matter via mobile phone networks and the Internet ("Plaintiff's Services"). Defendant's junior use of the mark WANNADO, and the corresponding domain WANNADO.COM, in connection with closely related services, has caused actual confusion and is likely to cause further confusion; has damaged Plaintiff; and will continue to damage Plaintiff unless permanently enjoined.

## I. PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Tennessee. Its principal place of business is in Nashville.

2.     Defendant is a corporation organized and existing under the laws of the State of Delaware.  It conducts business and maintains an office at 3055 Lebanon Pike, Building 2, Suite 2301, Nashville, TN 37214.

## II. JURISDICTION AND VENUE

3.     This action arises under the federal trademark laws of the United States including without limitation the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as well as the statutory and common law of the State of Tennessee.

4.     This Court has subject matter jurisdiction over the claims arising under federal trademark law pursuant to 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

5.     The Court has both general and specific personal jurisdiction over Defendant, as Defendant conducts business in the State of Tennessee, where it has purposefully availed itself of the privilege of acting in this State, thus invoking the benefits and protections of its laws.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this judicial district, as residency is defined in 28 U.S.C. § 1391(c)(2); and pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the property that is the  subject of this action is situated in this district.

## III. FACTUAL ALLEGATIONS

### Plaintiff's Mark and Services

7.     From at least as early as January 15, 2012 to the present, Plaintiff has used and continues to use WANNADO in connection with promoting Plaintiff's Services.

8.     As a result of Plaintiff's continuous use in commerce of WANNADO since January 2012, Plaintiff has acquired valuable property rights in the mark.

9.     On January 15, 2013, Plaintiff obtained from the United States Patent and Trademark Office ("USPTO") a federal registration on the Principal Register for the mark WANNADO in connection with Plaintiff's Services, bearing Registration Number 4277359 in International Class 35.  A copy of this registration is attached hereto as **Exhibit A**.

10.     Plaintiff uses the WANNADO mark set forth in Registration Number 4277359 as follows:



11.     Plaintiff created a mobile app available in the iTunes Store that serves as a pocket size curator of local events and experiences, recommending opportunities based on preferences, letting users explore local communities according to category, neighborhood or day of the week, allowing users to share experiences with others, calendar them, purchase tickets, get directions and more, all within the app.

12.     Plaintiff's mobile app also allows users to follow their Facebook friends and local guides for an inside track on local communities, allowing users to spend less time trying to figure out what they want to do, and spend more time actually doing it.

13.     Plaintiff also promotes Plaintiff's Services under the WANNADO mark via Facebook and Twitter.

14.     By virtue of its continued use both locally and nationwide, Plaintiff owns the entire right, title and interest in and to WANNADO in connection with Plaintiff's Services.

{00916220.5 }

3

15. Since its introduction, WANNADO has been promoted nationally and has garnered national exposure. Because of this exposure, Plaintiff and WANNADO are popular and well known in connection with Plaintiff's Services.

16. Through its promotional efforts, Plaintiff has created tremendous goodwill in association with WANNADO, such that Plaintiff is well recognized as the keeper of the brand.

17. Plaintiff first applied to register the WANNADO mark on December 21, 2011, based on its *bona fide* intent to use the mark in connection with Plaintiff's Services. A copy of this application, bearing Ser. No. 85501333, is attached hereto as **Exhibit B**.

**Defendant's Use of Same Mark**

18. More than eight months after Plaintiff applied to register the WANNADO mark and seven months after Plaintiff began using the WANNADO mark, Defendant submitted an application on August 28, 2012 to register closely related services utilizing the same mark WANNADO ("Defendant's Services"). Defendant applied for registration on an intent to use basis. A copy of this application, bearing Ser. No. 85715395, is attached hereto as **Exhibit C**.

19. According to a press release on the website Defendant operates at www.activenetwork.com, Defendant "launched WannaDo" on February 12, 2013. Copy of press release attached hereto as **Exhibit D**.

20. Defendant uses the WANNADO mark in connection with Defendant's Services as follows:



Case 3:13-cv-00566   Document 1   Filed 06/11/13   Page 4 of 30 PageID #: 4

21.     Defendant's Services offered and marketed under the WANNADO mark are closely related and confusingly similar to Plaintiff's Services offered under the very same mark.

22.     Only after Plaintiff began using the WANNADO mark did Defendant begin using the same exact mark to offer Defendant's Services.  A screenshot from Defendant's website, www.wannado.com, showing its infringing use of the mark, is attached hereto as **Exhibit E**.

23.     Defendant's website states: "WannaDo is your bucket list, only better!  What do you WannaDo?  Beyond the bucket list, WannaDo is THE place to find things to do.  List the stuff you wanna do; discover the things you didn't know you wanna do; see which friends wanna do it too; then do it.  Feel free to brag on Facebook afterwards – you've earned it."

24.     Like Plaintiff's Services, Defendant's Services allow users to explore various categories of activities and various cities, and allows users to view recommendations posted by other users.

25.     The conditions surrounding the marketing of Plaintiff's Services offered under WANNADO, and Defendant's Services offered under the same mark, are such that they are likely to be encountered by the same purchasers.

26.     Defendant has registered the domain name WANNADO.COM with the domain name registrar MarkMonitor Inc.

27.     As of June 5, 2013, Defendant was still offering Defendant's Services under the mark WANNADO through the domain WANNADO.COM.  A screenshot from Defendant's website attached hereto as **Exhibit F.**

28.     Defendant's infringing website appears as the first result (above Plaintiff's website) when searching for "Wannado" on Google.

29.     Defendant also uses the WANNADO mark on Twitter at the handle @theWannaDo.  Such use infringes Plaintiff's rights in the mark and is likely to cause confusion as to the true source of the services offered in connection with the WANNADO mark.   A screenshot from Defendant's Twitter handle, showing its infringing use of the mark, is attached hereto as **Exhibit G**.

30.     Defendant also uses the WANNADO mark on Facebook.  Such use infringes Plaintiff's rights in the mark and is likely to cause confusion as to the true source of the services offered in connection with the WANNADO mark.  A screenshot from Defendant's Facebook page, showing its infringing use of the mark, is attached hereto as **Exhibit H**.

31.     There has been an unwarranted refusal by Defendant to fully resolve the dispute herein, necessitating the filing of this lawsuit.

<u>**CAUSE OF ACTION:**</u>
<u>**COUNT I**</u>
<u>**FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114**</u>

32.     Plaintiff repeats and re-alleges the allegations of the other paragraphs herein.

33.     As the senior user of WANNADO in interstate commerce since at least as early as January 2012, Plaintiff has exclusive rights in WANNDO for Plaintiff's Services.

34.     Plaintiff's ownership in the mark WANNADO is federally registered.

35.     Defendant has violated Plaintiff's rights in WANNADO by using the exact same mark in interstate commerce in connection with closely related services without the permission, authorization or consent of Plaintiff.

36.     Defendant's use of the WANNADO mark in interstate commerce has resulted in actual confusion.

37.     Defendant's use of WANNADO in interstate commerce is likely to cause confusion, to cause mistake and to deceive in violation of 15 U.S.C. § 1114.

38.     Defendant's infringing activities are causing and are likely to cause further confusion to the public to the detriment of Plaintiff.

39.     Defendant's infringing activities are intentional.

40.     Plaintiff has suffered and will continue to suffer irreparable harm unless Defendant is enjoined from further use of WANNADO.

41.     Plaintiff has suffered damages as a result of Defendant's unlawful use of WANNADO.

## COUNT II
## FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

42.     Plaintiff repeats and re-alleges the allegations of the other paragraphs herein.

43.     As the senior user of WANNADO in interstate commerce since at least as early as January 2012, Plaintiff is the owner of and has exclusive rights in WANNADO for Plaintiff's Services.

44.     Defendant's use of WANNADO has caused and is likely to cause further confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship, or approval of Defendant's Services.

45.     Defendant's activities constitute false representations, false descriptions, and false designations of origin of its services in violation of 15 U.S.C. § 1125(a).

46.     Defendant's infringing activities are intentional.

47.     Defendant's infringing activities are likely to cause confusion of the public to the detriment of Plaintiff.

{00916220.5 }

7

48.     Plaintiff has suffered and will continue to suffer irreparable harm unless Defendant is enjoined from further use of WANNADO.

49.     Plaintiff has suffered damages as a result of Defendant's unlawful use of WANNADO.

<u>**COUNT III**</u>
<u>**CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d)**</u>

50.     Plaintiff repeats and re-alleges the allegations of the other paragraphs herein.

51.     Defendant has registered WANNADO.COM with the domain name registrar MarkMonitor Inc.

52.     After Plaintiff's first use of WANNADO in connection with Plaintiff's Services, Defendant used and trafficked in WANNADO.COM to market closely related services.

53.     As of June 5, 2013, Defendant continues to use WANNADO.COM to market its closely related services.

54.     Defendant has trafficked in and continues to traffic in the domain name WANNADO.COM.

55.     Defendant has acted with a bad faith intent to unlawfully profit from the WANNADO mark registered to Plaintiff.

56.     In registering and using WANNADO.COM, Defendant has used and trafficked in a domain that is confusingly similar to the mark WANNADO, which is registered to Plaintiff.

57.     In so doing, Defendant intended to confuse consumers into thinking that Defendant is somehow affiliated with Plaintiff and/or that Plaintiff endorses or approves Defendant's use of the infringing domain and services offered therein.

58.     Plaintiff's mark WANNADO is distinctive.

{00916220.5 }

8

59.     On information and belief, Defendant has intentionally attempted to attract Internet users to its website by creating a likelihood of confusion as to source, sponsorship, affiliation or endorsement, and to divert users from Plaintiff's online site, for Defendant's commercial gain.

60.     Defendant's activities violate the Anticybersquatting Consumer Protection Act, codified at 15 U.S.C. § 1125(d).

61.     Plaintiff has suffered and will continue to suffer irreparable harm unless Defendant is enjoined from further use of WANNADO.COM, and unless Defendant is ordered to forfeit the domain and transfer it to the proper trademark holder, Plaintiff.

62.     Plaintiff has suffered damages as a result of Defendant's unlawful use of WANNADO.COM.

### COUNT IV
### UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT T.C.A. §§ 47-18-101 *et seq.*

63.     Plaintiff repeats and re-alleges the allegations of the other paragraphs herein.

64.     As the senior user of WANNADO in interstate commerce since at least as early as January 2012, Plaintiff is the owner of and has exclusive rights in WANNADO for Plaintiff's Services.

65.     Defendant's use of WANNADO constitutes unfair competition and deceptive acts and practices, in violation of the Tennessee Consumer Protection Act, codified at Tennessee Code Annotated Sections 47-18-101, *et seq.*

66.     Defendant's use of and trafficking in WANNADO.COM constitutes unfair competition and deceptive acts and practices, in violation of the Tennessee Consumer Protection Act, codified at Tennessee Code Annotated Sections 47-18-101, *et seq.*

{00916220.5 }

67. More specifically, Defendant's conduct violates Tennessee Code Annotated Sections 47-18-104(b)(2), (3), and (5).

68. Defendant's activities are intentional and are causing confusion of the public to the detriment of Plaintiff.

69. Plaintiff has suffered and will continue to suffer irreparable harm unless Defendant is enjoined from further use of WANNADO and WANNADO.COM.

70. Plaintiff has suffered damages as a result of Defendant's unlawful use of WANNADO and WANNADO.COM.

**COUNT V**
**UNFAIR COMPETITION IN VIOLATION OF**
**TENNESSEE COMMON LAW**

71. Plaintiff repeats and re-alleges the allegations of the other paragraphs herein.

72. As the senior user of WANNADO in interstate commerce since at least as early as January 2012, Plaintiff is the owner of and has exclusive rights in WANNADO for Plaintiff's Services.

73. Defendant's use of WANNADO in Tennessee in connection with its Competing Services is likely to cause confusion, to cause mistake and to deceive in violation of the Tennessee common law of unfair competition.

74. Defendant's infringing activities are intentional.

75. Defendant's infringing activities are causing confusion of the public to the detriment of Plaintiff.

76. Defendant has tortuously injured Plaintiffs as outlined herein. Defendant has benefited from his tortious conduct, the fruits of which he has enjoyed to Plaintiff's detriment.

{00916220.5 }

77.     By virtue of these wrongful acts, Defendant has gained an unfair economic advantage, extending beyond mere ordinary competition, over Plaintiff.

78.     Plaintiff has suffered and will continue to suffer irreparable harm unless Defendant is enjoined from further use of WANNADO.

79.     Plaintiff has suffered damages as a result of Defendant's unlawful use of WANNADO.

**COUNT VI**
**UNJUST ENRICHMENT**

80.     Plaintiff repeats and re-alleges the allegations of the other paragraphs herein.

81.     As a result of Defendant's conduct, Defendant has been unjustly enriched at the expense of Plaintiff.  The law thereby implies a contract by which Defendant must pay to Plaintiff the amount by which, in equity and good conscience, Defendant has been unjustly enriched at the expense of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an Order:

A.     Permanently enjoining Defendant from:

(1)     infringing Plaintiff's WANNADO mark or any colorable imitation or confusingly similar variation thereof in any medium including, but not limited to, the Internet, print, electronic, mobile apps, Facebook, Twitter, other social media;

(2)     engaging in any acts or activities that are directly or indirectly calculated to trade upon Plaintiff's reputation or goodwill or unfairly compete;

(3)     using WANNADO.COM;

{00916220.5 }

B.      Directing Defendant to forfeit the domain WANNADO.COM, and transferring the same to Plaintiff;

C.      Directing an accounting to be had of Defendant's sales and profits derived from its unlawful activities;

D.      Awarding Plaintiff actual, compensatory, exemplary, punitive, treble and cumulative damages; the right to elect statutory damages; and attorneys' fees and costs; and

E.      Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: June _11_, 2013

Respectfully submitted,

**BONE McALLESTER NORTON PLLC**

Stephen J. Zralek, BPR #18971
511 Union Street, Suite 1600
Nashville, TN 37219
615.238.6305 – telephone
szralek@bonelaw.com
*Counsel for Plaintiff, Wannado, Inc.*

{00916220.5 }

12

**Exhibit A**

# United States of America

### United States Patent and Trademark Office

# WANNADO

**Reg. No. 4,277,359**

**Registered Jan. 15, 2013**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

WANNADO INC. (TENNESSEE CORPORATION)
3212 WEST END AVENUE
NASHVILLE, TN 37203

FOR: PROMOTING OTHERS' ACTIVITIES, EVENTS, VOLUNTEER OPPORTUNITIES, AND SERVICES THROUGH THE DISSEMINATION OF ADVERTISING MATTER VIA MOBILE PHONE NETWORKS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-15-2012; IN COMMERCE 1-15-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-977,913, FILED 12-21-2011.

SHAILA SETTLES, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

**Exhibit B**



**United States Patent and Trademark Office**

Home| Site Index| Search| FAQ| Glossary| Guides| Contacts| eBusiness| eBiz alerts| News| Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu May 30 02:20:34 EDT 2013*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | | HELP |

[ Logout ] Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# WANNADO

| | |
|---|---|
| **Word Mark** | WANNADO |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Promoting others' activities, events, volunteer opportunities, and services through the dissemination of advertising matter via the Internet; Promoting others' employment opportunities and goods through the dissemination of advertising matter via mobile phone networks and the Internet |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85501333 |
| **Filing Date** | December 21, 2011 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 14, 2012 |
| **Owner** | (APPLICANT) Wannado Inc. CORPORATION TENNESSEE 3212 West End Avenue Nashville TENNESSEE 37203 |
| **Attorney of Record** | Shane V. Cortesi |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Exhibit C



**United States Patent and Trademark Office**

Home| Site Index| Search| FAQ| Glossary| Guides| Contacts| eBusiness| eBiz alerts| News| Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu May 30 02:20:34 EDT 2013*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

[ Logout ] Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# WANNADO

| | |
|---|---|
| **Word Mark** | WANNADO |
| **Goods and Services** | IC 038. US 100 101 104. G & S: Providing access to computer databases in the fields of social networking and social introduction; providing access to computer, electronic and online databases; telecommunications services, namely, electronic transmission of data, messages and information; providing online forums for communication on topics of general interest; providing online communications links which transfer web site users to other local and global web pages; providing access to web sites for others hosted on computer servers accessible via a global computer network; providing access to third party web sites by enabling users to log in through a universal username and password via a global computer network and other communication networks; providing online electronic message boards for transmission of messages among users in the field of general interest; audio, text and video broadcasting services over computer or other communication networks, namely, uploading, posting, displaying, tagging, and electronically transmitting data, information, audio and video images |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85715395 |
| **Filing Date** | August 28, 2012 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 5, 2013 |

Case 3:13-cv-00566   Document 1   Filed 06/11/13   Page 19 of 30 PageID #: 19

| | |
|---|---|
| **Owner** | (APPLICANT) THE ACTIVE NETWORK, INC. CORPORATION DELAWARE 10182 TELESIS COURT, SUITE 300 SAN DIEGO CALIFORNIA 92121 |
| **Attorney of Record** | MATTHEW A. NEWBOLES |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**Exhibit D**

Active Network Home > About Us > News > Press Releases > 2013 Press Releases > ACTIVE Network Enters Ticketing Space with WannaDo

0    Share    Tweet 0    Like 0

*Self-Ticketing Platform Creates a Marketplace Connecting Event and Activity Organizers Directly With Participants*

**SAN DIEGO, Calif. — February 12, 2013** —The ACTIVE Network, Inc. (ACTV:NYSE), the leader in cloud-based Activity and Participant Management™ (APM) solutions, today launched WannaDo(SM), a self- ticketing platform that helps event organizers of every size create and tailor events to what users say they want to do. WannaDo is designed to create a marketplace for events and activities by crowdsourcing people's interests, or bucket lists, within a single platform, connecting to social networks, and providing organizers with easy-to-use ticketing tools to immediately fulfill this demand.

"WannaDo has the ability to bring about a fundamental shift in the way events and activities go to market by allowing organizers to understand and target demand before they take on the risk and cost of producing an event or activity," said Darko Dejanovic, president at ACTIVE Network. "WannaDo enables people to get out and participate by matching people with recommended activities and instantly connecting them with friends who will join along."

The marketplace for activities is boundless. Activities ranging from the typical, like taking a class, experiencing a food and wine tour or exploring the outdoors, to the unique, like samurai sword fighting or learning trapeze, have a home on WannaDo. With WannaDo's ticketing platform, event and activity organizers of all kinds can expect:
• No fees when setting up free events, lower fees if they're collecting money
• Stunning event pages through ACTIVE's unique EventCanvas tool
• One-click event details, including attendee and financial information
• A simple and elegant user experience
• Technology infrastructure from a company that powers hundreds of thousands of events annually

"WannaDo was founded on a few simple principles— organizers need something that's easier to use, something that produces elegantly designed and targeted event pages, and a platform without all the ticketing fees," said Bob Bennett, general manager of WannaDo. "Through WannaDo, organizers can create and customize better experiences because they can finally see what people want to do. By bringing activities and participants together on a single platform, we believe it will inspire people to get active and explore activities they never thought possible."

**MULTI-MEDIA**
• WannaDo website: http://www.WannaDo.com
• Facebook: http://www.Facebook.com/theWannaDo
• Twitter: http://www.Twitter.com/theWannaDo

**About ACTIVE Network**
ACTIVE Network (NYSE: ACTV) is on a mission to make the world a more active place. With deep expertise in activity and participant management™, our ACTIVE Works® cloud technology helps organizations transform and grow their businesses. We do this through technology solutions that power the world's activities, as well as online destinations such as ACTIVE.com® that connect people with the things they love to do. Serving over 50,000 global business customers and driving over 80 million transactions annually, we help organizations get participants, manage their events and build communities. ACTIVE Network is headquartered in San Diego, California and has over 30 offices worldwide. Learn more at ACTIVEnetwork.com or ACTIVE.com and engage with us on Twitter @ACTIVEnetwork, @ACTIVE and on Facebook.

**About Forward-Looking Statements**
The Active Network, Inc. cautions you that the statements included in this press release that are not a description of historical facts are forward-looking statements within the meaning of the federal securities laws. Any such statements are subject to substantial risks and uncertainties, and actual results may differ materially from those expressed in these forward-looking statements. More detailed information about The Active Network, Inc. and the risks and uncertainties that may affect the realization of these forward-looking statements is set forth in its filings with the Securities and Exchange Commission (SEC). These filings may be read free of charge on the SEC's website at www.sec.gov. You are cautioned not to place undue reliance on these forward-looking statements, which speak only as of the date hereof. All forward-looking statements are qualified in their entirety by this cautionary statement and The Active Network, Inc. undertakes no obligation to revise or update this press release to reflect events or circumstances after the date hereof.

© 2013 The Active Network, Inc. All rights reserved. ACTIVE.com, WannaDo and Active Works, are registered trademarks of The Active Network, Inc. ACTIVE, Activity and Participant Management is a trademark of The Active Network, Inc. All other trademarks are the property of their respective owners.

**Media Contact:**
Megan Lavine, ACTIVE Network
PR@ACTIVEnetwork.com
1-858-652-6133

0    Share    Tweet 0    Like 0

**Exhibit E**



{00922812.1 }

Exhibit F



**Exhibit G**



# Exhibit H

